## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. WGC-11-191** |
| ) | |
| **HANARO BETHESDA, INC.,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

_____)

## REPORT & RECOMMENDATION

On April 20, 2011 this case was referred to the undersigned for all further proceedings. *See* ECF No. 15. The previous day, April 19, 2012, counsel for Plaintiff and counsel for three of the Defendants (Hanaro Bethesda, Inc., Kwanghun Ko and Young B. Han) filed a Consent to Magistrate Judge. *See* ECF No. 13.

Also, on April 20, 2011 this case was referred to Magistrate Judge Jillyn K. Schulze for mediation. *See* ECF No. 16. A settlement conference was held on June 30, 2011. The case between Plaintiff and three of the Defendants (Hanaro Bethesda, Inc., Kwanghun Ko and Young H.[1] Han) settled. On July 6, 2011 the case was dismissed as to these three Defendants without prejudice to the right of Plaintiff or any of the three Defendants to move for good cause by September 15, 2011 to re-open the case if settlement is not consummated. *See* ECF No. 22. The Order of July 6, 2011 specifically stated that "the said litigation shall PROCEED against Defendant Harry Kong as named in the Complaint." *Id.* ¶ 3.

_____

[1] The middle initial of Young Han was misidentified in the complaint.

On August 4, 2011 Plaintiff moved for entry of default.[2]  *See* ECF No. 23.  On September 8, 2011[3] the Clerk entered an Order of Default against Defendant Harry Kong "for want of answer or other defense. . . ."  ECF No. 24.

On January 25, 2012 Judge J. Frederick Motz sent correspondence to Plaintiff's counsel stating,

> Judge Connelly has advised me that the three defendants who consented to referral of this case to him for all further proceedings have settled the matter and were dismissed as of September 15, 2011.

> The fourth defendant, Harry Kong, never filed an answer, and the Clerk entered a default against Mr. Kong on September 8, 2011.  The file does not indicate that you have filed a motion for default judgment against Mr. Kong.  Please either file a motion for default judgment or advise me that you do not intend to pursue your claims against Mr. Kong on or before February 8, 2012.  If you do not intend to pursue your claims against Mr. Kong, I will simply administratively close the case.

ECF No. 26.

Six days later counsel for Plaintiff responded by filing the following status:

> I am in receipt of your Memo dated January 25, 2012 requiring the Plaintiff to file a Motion for Default Judgment against the Defendant, Harry Kong.  I will be proceeding with filing the Motion for Default Judgment once I receive the executed Affidavit from my client which needs to be filed along with the Motion.  I am hopeful the Affidavit will be received in the next couple of weeks.

ECF No. 27.

On March 16, 2012 the undersigned denied without prejudice to renew the motion for default judgment as to Harry Kong.  *See* ECF No. 28.  Eleven days later, on March 27, 2012,

---

[2]  The motion is entitled, "Plaintiff's Request for Entry of Default Pursuant to Rule 55, F.R.Civ.P."  As entered on the docket, the motion is entitled "Motion for Default Judgment as to Harry Kong."

[3]  The Order of Default is dated *September 7, 2011* but was not docketed until *September 8, 2011.*

Plaintiff filed a motion for default judgment as to Harry Kong. *See* ECF No. 29. No opposition has been filed by Defendant Harry Kong. The motion is ripe for resolution. Because Defendant Harry Kong *did not consent* to proceed before a United States Magistrate Judge for all further proceedings in the case, the undersigned lacks authority to rule on this pending dispositive motion. The undersigned therefore submits this report and recommendation.

<u>**BACKGROUND**</u>

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") is a distributor of sports and entertainment programming. As alleged in the complaint Defendant Harry Kong is a principal and co-owner of the license with Defendant Hanaro Bethesda, Inc. f/k/a Doraku Bethesda Inc. t/a Doraku Sushi t/a Doraku Restaurant and Lounge, as well as an officer, director, shareholder, employee, agent and/or other representative of Defendant Hanaro Bethesda, Inc. Compl. ¶ 7. In the three count complaint Plaintiff states it paid for and was subsequently granted the exclusive nationwide television rights to the *Ultimate Fighting Championship 92: "The Ultimate 2008"* (hereinafter the "Program") which telecast nationwide on Saturday, December 27, 2008. *Id.* ¶ 9. This Program included the "main event" along with the under card or preliminary bouts, color commentary and televised replay. Plaintiff entered into sublicensing agreements with commercial entities throughout North America, including commercial entities in the State of Maryland, and granted such commercial entities limited sublicensing rights to publicly exhibit the Program to patrons within their commercial establishments (such as bars, casinos, racetracks, social clubs, taverns, hotels, restaurants). No such sublicensing agreement existed with Defendant Harry Kong and Defendant Hanaro Bethesda, Inc. Plaintiff alleges Defendant Harry Kong unlawfully and willfully intercepted, exhibited, published and divulged the Program for the direct or indirect commercial advantage or private financial gain. Plaintiff asserts Defendant

Harry Kong's conduct violates 47 U.S.C. § 605 (governing radio and satellite communications) and 47 U.S.C. § 553 (governing cable communications).  In the third count Plaintiff alleges a tort of conversion under Maryland law.

On January 24, 2011, three days after Plaintiff's complaint was filed, this Court issued a summons to Defendant Harry Kong directing him to serve upon Plaintiff's counsel an answer to the complaint within twenty-one (21) days after service.  "If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint."  ECF No. 4 at 7.

On February 16, 2011 Ronald W. Koch, a private processor with Washington Pre-Trial Services, Inc., served Myung Kong, wife of Defendant Harry Kong, with the summons and complaint at 19680 Sweet Woodruff Lane, Centreville, Virginia 20120, the dwelling house of Defendant Harry Kong.  ECF No. 9 at 2.  On March 3, 2011 this executed summons was docketed.  *See id.*  Defendant Harry Kong's answer was due March 9, 2011.  Defendant Harry Kong failed to file an answer.

## JURISDICTION & VENUE

Plaintiff is a Pennsylvania corporation with its principal place of business in Feasterville, Pennsylvania.  Defendant Harry Kong is a resident of the Commonwealth of Virginia. Defendant Hanaro Bethesda, Inc. has its principal place of business in Bethesda, Maryland.

This Court has subject matter jurisdiction as to Counts I[4] and II[5] pursuant to 28 U.S.C. § 1331, for "all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[4]  "Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction."  47 U.S.C. § 605(e)(3)(A).

[5]  "Any person aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction."  47 U.S.C. § 553(c)(1).

With regard to Count III, tort of conversion under Maryland law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Harry Kong is a non-resident defendant residing in the Commonwealth of Virginia. He has not challenged this Court's power to exercise personal jurisdiction over him. Nonetheless the undersigned *sua sponte* evaluates whether this Court has the power to exercise personal jurisdiction.

This Court may exercise personal jurisdiction over Harry Kong consistent with Maryland law. *See* Fed. R. Civ. P. 4(k)(1)(A). "[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

Pursuant to Maryland's long-arm statute, Maryland courts may exercise personal jurisdiction over a defendant "who directly or by an agent . . . [t]ransacts any business or performs any character of work or service in the State[.]" Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1). "The Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Carefirst of Md.*, 334 F.3d at 390. Thus, the statutory and constitutional inquiries merge.

In order to ensure the exercise of jurisdiction over a non-resident defendant comports with due process, a court must find that the non-resident defendant has minimum contacts with the forum to a sufficient degree that requiring that non-resident defendant to defend its interest in that state "does not offend traditional notions of fair play and substantial justice." *International*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  If the non-resident defendant's contacts with the forum state provides the basis of the lawsuit, specific jurisdiction exists.  However, if the non-resident defendant's contacts with the forum state are wholly unrelated to the lawsuit, general jurisdiction exists only where the non-resident defendant's in-state activities constitute "continuous and systematic" contact with the state.  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984).

Since Defendant Harry Kong did not answer Plaintiff's complaint and thus failed to deny the allegations requiring a responsive pleading, such allegations (excluding those relating to the amount of damages) are deemed admitted.  Fed. R. Civ. P. 8(b)(6).  The undersigned thus accepts as admitted that Harry Kong is a co-owner and a principal of the license with the corporate Defendant Hanaro Bethesda, Inc.  Harry Kong is also an officer, shareholder, employee, agent, and/or other representative of Hanaro Bethesda, Inc.  This corporation has its principal place of business at 7820 Norfolk Avenue, Potomac, Maryland 20854.

Harry Kong has purposefully availed himself of the privilege of conducting activities within Maryland by being a co-owner, principal and/or in some other capacity with the corporate Defendant Hanaro Bethesda, Inc.  Harry Kong, of his own volition, elected to conduct business within Maryland.  Maintaining this lawsuit against Harry Kong in this judicial district would not offend traditional notions of fair play and substantial justice.

Moreover, specific jurisdiction over Harry Kong exists.  Harry Kong's contacts with Maryland, via his role with the corporate Defendant Hanaro Bethesda, Inc., provides the basis for this lawsuit.  The unauthorized interception and display of Plaintiff's Program on December 27, 2008 occurred at the restaurant and lounge in Maryland.  The undersigned thus finds this Court has personal jurisdiction over Defendant Harry Kong and venue is proper in this judicial district.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs entries of default and default judgment.  As noted *supra* the Clerk entered a default against Defendant Harry Kong on September 8, 2011. *See* ECF No. 24.  The entry of a default does not automatically entitle a party to a default judgment.  Granting a request for a default judgment is within the discretion of the court.  Cases should be decided on the merits.  However, when the unresponsiveness of a party essentially halts litigation, a default judgment may be appropriate.  *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

With the entry of default the well-pleaded allegations of the complaint as to liability are taken as true.  Damages however must be proven.  "The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." *EEOC v. CDG Management, LLC*, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citing *Lawbaugh*, 359 F. Supp. 2d at 422).  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—*other than one relating to the amount of damages*—is admitted if a responsive pleading is required and the allegation is not denied.") (emphasis added).  The court may conduct a hearing if it needs to make an accounting or determine the amount of damages. Fed. R. Civ. P. 55(b)(2).  Such a hearing however is not mandatory.  The court instead may rely on affidavits or other evidentiary documents in the record to determine the amount of damages.

**ANALYSIS**

Plaintiff seeks damages totaling $151,000.  Specifically Plaintiff asks the court to award $100,000 for the violation outlined in Count I [47 U.S.C. § 605(e)(3)(B)(iii), (C)(ii)], $50,000 for the violation outlined in Count II [47 U.S.C. § 553(b)(2), (c)(2)(c)] and $1,5000 for the violation outlined in Count III [tort of conversion].  The undersigned addresses the requested relief below.

A.      *Statutory Damages under 47 U.S.C. § 605*

As outlined in Section 605(a) of Title 47 the following practices are prohibited:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Plaintiff, as the aggrieved party, may elect to recover actual damages or an award of statutory damages.  *See* 47 U.S.C. § 605(e)(3)(C)(i)(I), (II).  "Plaintiff seeks substantial statutory damages from the court in this action."  ECF No. 29-1 at 3.

By Defendant Harry Kong's default it is established that he did not pay to broadcast the Program at the restaurant and lounge on December 27, 2008.  As a standard practice Plaintiff encrypts the Program to commercial customers who pay the license fee to broadcast the Program.  Defendant Harry Kong unlawfully intercepted and aired the Program.

For Plaintiff to recover the actual damages suffered, this court would need evidence such as the license fee Plaintiff charged to commercial customers to broadcast the Program, what profit Defendant Harry Kong might have realized by illegally showing the fight, what cover charge each patron had to pay to view the fight,[6] whether Defendant Harry Kong advertised to entice a large crowd or whether Defendant Harry Kong charged a premium for food and drinks

---

[6] Based on Mr. Rosenberg's affidavit, there was not a cover charge.  *See* ECF No. 29-2 at 1.

the night the Program was aired.  *See Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. 3:06cv73, 2007 WL 3226451, at *5 (W.D.N.C. Oct. 29, 2007).  None of this information has been provided.  "Some courts base their award either on the number of patrons in the establishment who viewed the show or on the maximum capacity of the establishment."  *J & J Sports Productions, Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, No. 2:09-03141-DCN-RSC, 2010 WL 1838432, at *1 (D.S.C. Apr. 5, 2010).  Although Mr. Rosenberg's affidavit identifies both the capacity of the restaurant and lounge as well as the actual number of patrons on December 27, 2008, the critical information lacking is the fee each patron would have been charged.  Based on the lack of evidence as outlined above, the actual damages suffered by Plaintiff cannot be determined.  The undersigned therefore recommends the more appropriate award is statutory damages.

Pursuant to Section 605(e)(3)(C)(i)(II) Plaintiff is entitled to statutory damages in an amount not less than $1,000 and not more than $10,000 for each violation.  The evidence before the court is a single incident of pirating Plaintiff's Program.  Defendant Harry Kong was one of four defendants named in the complaint.  Plaintiff's claims against the other three defendants have been settled.  Based on the limited evidence presented by Plaintiff in support of its motion for default judgment, the undersigned recommends an award of statutory damages in the amount of **$2,000**.

B.      *Enhanced Damages for Willfulness under 47 U.S.C. § 605*

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C. § 605(e)(3)(C)(ii).

By intercepting a closed-circuit transmission and broadcasting it at the restaurant and lounge, there was either direct or indirect commercial advantage to Defendant Harry Kong. The interception was not accidental or innocent but was intentional and therefore willful. For these reasons Plaintiff is entitled to an enhanced statutory award. The size of the enhancement is determined at the discretion of the court.

Factors to consider for enhancing the award include "(1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising the broadcast; and (4) charging an admission fee or charging premiums for food and drinks." *J.R.'Z Neighborhood*, 2010 WL 1838432, at *2 (citing *J & J Sports Productions, Inc. v. Guzman*, 553 F. Supp. 2d 195, 199 (E.D.N.Y. 2008)). A violation occurred on December 27, 2008. Plaintiff has not presented *any* evidence of a substantial unlawful monetary gain by Defendant Harry Kong. In his affidavit Mr. Rosenberg states, "[t]here was no cover charge required to enter this establishment." ECF No. 29-2 at 1. There is no evidence that the restaurant and lounge charged a premium for food and drinks. Mr. Rosenberg paid $2.00 for one diet coke. *Id.* Finally, what brought Mr. Rosenberg to Doraku Restaurant and Lounge at 7820 Norfolk Avenue, Bethesda, Maryland 20814 at 10:36 p.m. on December 27, 2008 is unknown. Mr. Rosenberg however does not mention appearing at the restaurant and lounge in response to an advertisement.

The purpose of the statute with its enhanced damages is to deter future unlawful conduct. The enhanced damages should be sufficient to deter Defendant Harry Kong from committing any future violations but also appropriate for the facts and circumstances of this case. The maximum award for enhanced damages, $100,000, is not appropriate and beyond excessive based on the facts and circumstances. The undersigned recommends an additional award of **$2,000** as enhanced damages. This award should suffice to deter future misconduct. *See Integrated Sports*

*Media, Inc. v. Buruca Brother's Virginia, Inc.*, No. 1:11cv0839 (CMH/JFA), 2011 WL 5873078, at *6-7 (E.D. Va. Nov. 1, 2011); *Angry Ales*, 2007 WL 3226451, at *5.  The undersigned also notes that three other defendants were involved in this singular violation and those three defendants have settled all claims with Plaintiff.

C.      *Damages Pursuant to 47 U.S.C. § 553*

Defendant Harry Kong's interception of Plaintiff's Program also violates Section 553 of Title 47.  "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 553(a)(1). Similar to Section 605 Plaintiff is entitled to recover actual damages or statutory damages (not less than $250 or more than $10,000).  *Id.* § 553(c)(3)(A)(i)-(ii).  Plaintiff requests statutory damages.

For someone who willfully violates this provision for the purpose of a commercial advantage, a court may award damages in an amount not exceeding $50,000.  *Id.* § 553(c)(3)(B). Plaintiff seeks the maximum enhanced damages.  Additionally, although Plaintiff acknowledges that generally a plaintiff cannot recover damages under both Section 605 and Section 553, Plaintiff nevertheless asserts that "it is not unheard of" for courts to award damages under both statutes.

The undersigned has reviewed several opinions.  Courts have declined to award damages under both Section 605 and Section 553 when requested.  *See Kingvision-Pay-Per-View Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) ("While Plaintiff has set forth the elements of liability for both statutes, recovery under *both* section 553 and section 605 is improper."); *J & J Productions, Inc. v. Romenski*, No. 3:11-cv-532-RJC-DSC, 2012 WL 652777,

at *2 (W.D.N.C. Feb. 29, 2012) ("Plaintiff is not entitled to a double recovery.  Plaintiff may not recover under both Sections 553 and 605."); *J & J Sports Productions, Inc. v. Las Chivas, Inc.*, No. 5:10CV187-V., 2012 WL 71819, at *4 (W.D.N.C. Jan. 10, 2012) ("In light of the damages being awarded pursuant to Section 605, however, the Court declines to award damages under Section 553."); *Buruca Brother's*, 2011 WL 5873078, at *5 ("Although plaintiff has set forth the elements of liability under both Sections 553 and 605, courts have held that recovery under both sections is improper."); *J & J Productions, Inc. v. Olmos*, No. 5:08CV33-V., 2010 WL 625283, at *4 (W.D.N.C. Feb. 19, 2010) ("In light of the damages being awarded pursuant to Section 605, however, the Court declines to award damages under Section 553."); *Time Warner Cable v. Sanchez*, No. 2 Civ. 5855 GBD FM, 2003 WL 21744089, at *3 (S.D.N.Y. July 8, 2003) ("When a court determines that a defendant's conduct has violated both Sections 553 and 605 of the Communications Act, a plaintiff may recover damages under only one of these sections.").  The undersigned recommends Plaintiff's award of damages be limited to the recommended amount of $4,000 under Section 605 as outlined *supra*.

D.      *Tort of Conversion*

Plaintiff seeks $1,500 for Defendant Harry Kong's "conversion" of the Plaintiff's Program on December 27, 2008.  Under Maryland law conversion is an intentional tort.  *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 414, 494 A.2d 200, 208 (1985).  Conversion "must involve some exercise of the defendant's hostile dominion or control over" the plaintiff's tangible property.  *Staub v. Staub*, 37 Md. App. 141, 143-44, 376 A.2d 1129, 1132 (1977).  With the entry of default against Defendant Harry Kong, it has been established that he converted Plaintiff's Program when he intercepted the transmission and broadcast the Program at the restaurant and lounge.

Courts have considered the request for an award of damages for the tort of conversion, *in addition to* statutory and enhanced damages under Section 605 or Section 553 of Title 47, as a double recovery.  Under such circumstances these courts have denied the request for damages. *See Romenski*, 2012 WL 652777, at *2 ("Plaintiff may not recover conversion damages in addition to actual or statutory damages under Section 605."); *Joe Hand Promotions, Inc. v. Dock Street Enterprises., Inc.*, No. WMN-11-1973, 2011 WL 6141058, at *5 n.5 (D. Md. Dec. 8, 2011) ("The Court notes that, where there is recovery under § 553, courts will generally not also allow recover under a conversion claim as that would result in a double recovery."); *J.R.'Z Neighborhood*, 2010 WL 1838432, at *2 (finding that the plaintiff's requested award of damages for the tort of conversion, in light of an award of damages already granted under Section 605, would result in a double recovery and the court therefore denied the claim for recovery under the tort of conversion).  Consistent with these cases, the undersigned recommends the court not award any damages to Plaintiff for the tort of conversion.

E.      *Attorney's Fees and Costs*

Under Section 605 Plaintiff is entitled to recover full costs including reasonable attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii).  In its motion for judgment by default, Plaintiff does not request any attorney's fees or costs.  No evidence has been presented about the costs expended or reasonable attorney's fees incurred in pursuing Plaintiff's claims against Defendant Harry Kong.  Based on the present record before the court, the undersigned recommends nothing be awarded to Plaintiff for attorney's fees and costs.[7]

---

[7]  At its discretion the court may grant Plaintiff leave of court to file a motion seeking attorney's fees and costs.

## **RECOMMENDATION**

a.       That the court grant in part and deny in part Plaintiff's motion for judgment by default;

b.       That the court award Plaintiff $2,000 as statutory damages under 47 U.S.C. § 605;

c.       That the court award Plaintiff $2,000 as enhanced damages under 47 U.S.C. § 605;

d.       That the court deny Plaintiff's request for statutory damages and enhanced damages under 47 U.S.C. § 553;

e.       That the court deny Plaintiff's request for damages based on Defendant Harry Kong's conversion of Plaintiff's Program on December 27, 2008; and

f.       That the court not award Plaintiff reasonable attorney's fees and costs based on the lack of any evidence presented by Plaintiff.

June 20, 2012                                          _____/s/_____
       Date                                                            WILLIAM CONNELLY
                                                              UNITED STATES MAGISTRATE JUDGE